```
UNITED STATES DISTRICT COURT                           For Online Publication Only
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CDS BUSINESS SERVICES, INC., doing business as
NEWTEK BUSINESS CREDIT,

                            Plaintiff,
                                                                  ORDER
                                                                  19-CV-5759 (JMA)(SIL)
            - against-

H.M.C., INC., and KARA DIPIETRO,

                            Defendants.
-----------------------------------------------------------------------X
```

APPEARANCES

    Eliot John Kirshnitz, Esq.
    *Attorney for Plaintiff*
    Newtek Business Services Corp.
    1981 Marcus Avenue, Suite 130
    Lake Success, New York   11042

    Shane R. Heskin, Esq.
    *Attorney for Defendants*
    White and Williams, LLP
    7 Times Square, Suite 2900
    New York, New York   10036

**AZRACK, District Judge:**

    Pending before the Court are the objections of Defendants H.M.C., Inc. ("HMC") and Kara DiPietro ("DiPietro") (collectively, "Defendants") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated May 18, 2021 (the "Report"), see ECF No. 33, recommending that the motion of Plaintiff CDS Business Services, Inc. ("CDS" or "Plaintiff") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted. For the reasons set forth below, Magistrate Judge Locke's Report is adopted in its entirety.

## I. STANDARD OF REVIEW

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." Owusu v. New York State Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. Id.; see also Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. May 18, 2018) (summary order) (holding that a general objection to a magistrate judge's report "does not constitute an adequate objection under [] Fed. R. Civ. P. 72(b)."); Benitez v. Parmer, 654 F. App'x 502, 503 (2d Cir. June 30, 2016) (summary order) (holding that the plaintiff's general objection to the magistrate judge's report and recommendation was insufficient to obtain de novo review). A clear error review is also appropriate where a party merely restates or rehashes the same arguments that party originally made. See Sunoco, Inc. v. 175-33 Horace Harding Realty Corp., No. 11-CV-2319, 2016 WL

5239597, at *2 (E.D.N.Y. Sept. 22, 2016) ("[w]hen a party simply reiterates his original arguments in [his] Objections, the Court need only review the Magistrate Judge's Report and Recommendation for clear error (internal quotation marks and citation omitted)), aff'd sub nom. Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp., 697 F. App'x 38 (2d Cir. 2017)

## II.  OBJECTIONS

The Report recommended granting Plaintiff's motion for summary judgment, finding that (1) Defendant HMC breached its Agreement with Plaintiff; (2) Defendant DiPietro breached a Guaranty wherein she guaranteed to CDS all of HMC's obligations under the Agreement; and (3) HMC tortiously interfered with contractual relationships between CDS and certain customers. See Report at 13.  The Report further noted that the motion was directed only to liability, not damages.  Id. at 1 n.1.

Defendants object to the Report, see Defendants' Objections to the Magistrate's Report and Recommendation ("Defs' Obj."), ECF No. 34, arguing, inter alia, that Magistrate Judge Locke erred in: (1) finding that New York's criminal usury laws do not apply to post-default obligations, id. at 3-5; (2) determining that the Administrative Processing Fee and Collateral Monitoring Fee imposed by Plaintiff are not interest, id. at 6-8; (3) concluding that the Agreement is not void and unenforceable as "criminally usurious" by operation of New York Penal Law 190.40, id. at 8-9; and (4) failing to consider Defendants' argument that the Administrative Processing Fee is an unenforceable penalty.  Id. at 10-11.  Defendants do not object to the Report's findings that HMS breached the Agreement with CDS, that DiPietro violated the Guaranty or that Defendants tortiously interfered with Plaintiff's contractual relationships.

3

Plaintiff has responded to Defendants' objections. See Plaintiff's Response to the Defendants' Objection(s) ("Pl's Resp."), ECF No. 35.

### III. DISCUSSION

Defendants' objections are merely repetitions of the arguments they presented in their papers in opposition to the motion and that the Magistrate Judge rejected. A comparison with Defendants' submissions reveals that the Objections raise no new arguments or analysis. Instead, the Objections are essentially identical to the earlier-filed memorandum of law, with only minor changes such as modifications to verb tense or substitutions of "Magistrate Judge" for "CDS." Compare Defendants' Memorandum of Law in Opposition to Plaintiffs Motion for Summary Judgment at 16, ECF No. 30 ("CDS contends that the Administrative Processing Fee is not interest . . .") with Defs' Obj. at 6 ("The Magistrate erroneously concluded that the Administrative Processing Fee is not interest . . ."). Accordingly, this Court reviews the Report for clear error. See Thomas v. City of New York, Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."). The Court finds no clear error in the Report.

Moreover, even if de novo review is appropriate, the Court rejects, under de novo review all of Defendants' objections and adopts the Report in its entirety as the opinion of the Court.

The Court will briefly address Defendants' fourth objection, which claims that the Magistrate failed to consider their argument that the Administrative Processing Fee is an unenforceable penalty. Plaintiff notes, inter alia, that this argument "is not a defense to their

liability for breach of contract or tortious interference and is directed to CDS's damages, which are not addressed in the Report." Pl's Resp. at 9, n.4.  The Court agrees.  The very cases cited by Defendants in which a court found a provision to be unenforceable do not conclude as a result that there is no liability, but rather strike the offending provision from the damages calculation. See, e.g., Bank v. Melville Magnetic Resonance Imaging, P.C., 294 A.D.2d 320, 321, 741 N.Y.S.2d 882 (2d Dep't 2002) (affirming grant of summary judgment upon plaintiff's showing of a valid promissory note and defendant's default thereunder, but striking a provision as a penalty and directing entry of an amended judgment to reduce the amount of the award accordingly).  As the question of damages was not before the Magistrate on Plaintiff's motion, there was no error in his failing to address Defendants' argument regarding the unenforceability of the Administrative Processing Fee.  Moreover, Plaintiff did not move for summary judgment on this issue and Defendants did not themselves file a motion for summary judgment on the question of whether the Administrative Processing Fee is an unenforceable penalty or any other issue.  Accordingly, it was entirely appropriate for the Magistrate to not address this issue in the Report.  Defendants are free to raise to this issue in the context of any subsequent proceedings concerning damages.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled and the Report is adopted in its entirety.   Defendant's motion for summary judgment, ECF No. 29, is granted.

**SO ORDERED**.

Dated: Central Islip, New York
September 28, 2021

                                                          /s/ (JMA)
                                                  Joan M. Azrack
                                                  United States District Judge.